IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL A. HAGAR | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-101 |
| FEDERAL BUREAU OF INVESTIGATION | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael A. Hagar, an inmate confined at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brings this lawsuit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff claims the FBI violated the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, when it intentionally withheld IP addresses and email header information concerning a requested email. (Doc. #1 at 1.) On or around October 23, 2020, Plaintiff claims he mailed a request to the Department of Justice FOIA/PA Mail Referral Unit. Plaintiff claims he requested: "The email with the complete header information of the IP addresses, provided to, Special Agent Michael G. Gerfin of the FBI, on June 7, 2016 by Eaton Corporation." (Doc. #1 at 2.) Plaintiff claims the document is referred to in an affidavit for the Complaint filed against him on June 14, 2016. Plaintiff asserts that he provided the following information to facilitate locating the document: "The case number is 1:16CR273; United States of America v.

Michael Hagar; in the United States District Court for the Northern District of Ohio, Eastern Division; Judge Donald Nugent." *Id.*

On or around November 6, 2020, Plaintiff states the FBI acknowledged receipt of the request, FOIAPA Request No. 1480404-000. Next, Plaintiff claims the FBI released incorrect documents to him on or around April 29, 2021. According to Plaintiff, the FBI released a copy of an email from April 26, 2016, which is referred to in paragraphs ten and fourteen of the affidavit for the Complaint. (Doc. #1 at 2.)

On or around June 4, 2021, Plaintiff states he mailed an administrative appeal to the Office of Information Policy ("OIP"), appealing the FBI's determination related to his FOIA request. (Doc. #1 at 2 and 19.) Plaintiff contended that the FBI intentionally provided the wrong documents in order to delay the release of the documents he actually requested. Additionally, Plaintiff claims he explained why the documents released were incorrect and provided documents to support his appeal. The OIP acknowledged receipt of Plaintiff's appeal on June 24, 2021.

Plaintiff claims the FBI intentionally withheld releasing the June 2, 2016[1] email with the complete header information to prevent the public from learning about improper behavior in the performance of their duties. Plaintiff claims the FBI used a false IP address to establish the email traveled to Eaton's server located in Beachwood, Ohio in order to establish that the offense occurred in the Northern District of Ohio. (Doc. #1 at 3.)

On September 14, 2021, the OIP affirmed the FBI's action on Plaintiff's request. (Doc. #1 at 25.) Plaintiff acknowledges that the appeal was determined by Christina D. Troiani. On May

---

[1] The initial search by the FBI did not reveal an email dated June 7, 2016. Plaintiff, however, subsequently clarified that the date of the email was June 2, 2016. (Doc. #1 at 3 and Doc. #23 at 3).

15, 2021, Plaintiff states Christina D. Troiani also remanded his appeal of the denial of his request for the same information made to the Executive Office for the United States Attorneys ("EOUSA").

## The Defendants' Motion

The Defendant has filed a Motion for Summary Judgment. (Doc. #23.) The Defendant asserts it conducted a reasonable search in response to Plaintiff's FOIA request. Additionally, the Defendant asserts it properly withheld information pursuant to the Privacy Act exemptions in response to Plaintiff's FOIA request. Finally, the Defendant states it properly withheld information pursuant to FOIA exemptions in response to Plaintiff's FOIA request.

## Standard of Review

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must

first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

Most FOIA cases are resolved on summary judgment. *Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002). "In the FOIA context, however, the traditional [summary judgment] standard is modified because 'the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Cooper Cameron Corp.*, 280 F.3d at 543). "FOIA's strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

When considering a motion for summary judgment, courts "must view the evidence in the light most favorable to the party opposing summary judgment." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). If the summary judgment evidence shows that an actual controversy exists, then "[t]he

4

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 943.

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005). However, "[i]f there is contradictory evidence or evidence of agency bad faith, a court should not grant summary judgment for an agency." *Highland Capital Mgmt. v. Internal Revenue Serv.*, 408 F. Supp. 3d 789, 801 (N.D. Tex. 2019). The court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant*." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (1994). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [Plaintiff] from [his] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees.*, 709 F. App'x 243, 246 (5th Cir. 2017). "Although courts should advise *pro se* [parties] of procedural rules," the United States Court of Appeals for the Fifth Circuit has "held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices." *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)). Additionally, the complaint of a *pro se* litigant "can be considered as summary judgment evidence to the extent it comports with the requirements of [Rule] 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Analysis

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 242 (1978). The FOIA allows district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Congress has also recognized, however, "that public disclosure is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166-67 (1985). The FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of nine enumerated exceptions. *See Id.*, § 552(b)(1)-(9). In a FOIA case, the agency has the burden of justifying nondisclosure. *See Id.*, § 552(a)(4)(B).

In this case, at issue is whether the FBI has met its summary judgment burden in justifying nondisclosure of Plaintiff's email by establishing: (1) the adequacy of its search and (2) the applicability of the exemptions. Alternatively, the court must determine whether Plaintiff has met his summary judgment burden by either: (1) pointing out a lack of evidence to support the FBI's case or (2) demonstrating that the FBI's actions were unconstitutional.

*Adequate Search*

"FOIA does not require an agency to show that it has identified every document that is responsive to a request, but only that 'it performed a search reasonably calculated to yield responsive documents.'" *Berk v. Executive Office of United States Attorneys*, No. 21-10693, 2022 WL 17337821 (5th Cir. Nov. 22, 2022) (quoting *Batton*, 598 F.3d at 176). "The agency can satisfy that requirement with affidavits that provide a detailed description of its search methods." *Id*.

Additionally, the reasons the agency provides have a "presumption of legitimacy." *Id*. "That presumption can be defeated only by showing that the agency acted in bad faith, and at summary judgment by presenting evidence that the affidavits do not describe an adequate search." *Id.*

Here, the FBI provided the declaration of Joseph E. Bender, Jr., made under the penalty of perjury, providing detailed descriptions of the agency's search methods along with the relevant records. As a result of its search, the FBI located the specific email of June 2, 2016 which is responsive to Plaintiff's request under the FOIA. (Doc. 23-1 at 10-11.) However, to obtain a document containing the header information requested by Plaintiff the agency asserts that it would have to create a new record. The FBI explains that header information is not plainly visible on the body of the email when viewed or printed and in order to respond to Plaintiff's request it "would have to copy and paste the header information into a separate text file or Microsoft Word document, for viewing and processing purposes. However, such action would constitute creating a new record where one does not exist." (Doc. 23-1 at 12.)

Assuming, without deciding, the FBI is correct that measures required to comply with Plaintiff's request would, in fact, constitute creating a new record, the agency would not be obligated to create such new record. "Although FOIA requires federal agencies to make 'reasonable efforts to search for' the records requested, . . . it does not require agencies to create new records." *Center for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 937 (9th Cir. 2021) (quoting *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)). FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger*, 445 U.S. at 152. In such case, the Defendant has met its burden concerning the adequacy of the search. Further,

Plaintiff presented nothing but speculation that the FBI acted inappropriately. Thus, Plaintiff has not met his burden.

In the alternative, even assuming, *arguendo*, that production of a new document would not be required, as Plaintiff asserts, such finding would not be determinative of the issue in this case. Plaintiff would not be entitled to the email header information because of the exemptions explained below.

*Applicability of Exemptions*

The court must consider the applicability of the exemptions claimed by the Defendant. In this case, the Defendant excluded documents pursuant to exemptions under the Privacy Act Exemption (j)(2) and the FOIA Exemptions (6) and (7)(C).

a.    Privacy Act

As the result of its search, the FBI made an initial release of records to Plaintiff on April 29, 2021, advising him that nine pages of records were reviewed, and five pages of records were being released with certain information exempted pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2). Next, on September 9, 2022, the FBI released an additional three pages of records including the June 2, 2016 email with certain information exempted pursuant to Privacy Exemption (j)(2). Following Plaintiff's appeal to the Office of Information Policy ("OIP") of both releases, the FBI's response to Plaintiff's requests were determined correct and their actions were affirmed. (Doc. 23-1 at 5).

Privacy Act Exemption (j)(2) protects from mandatory disclosure "any system of records within the agency . . . maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals." 5 U.S.C.A. § 552a(j)-(2). The FBI has

exempted law enforcement investigative records maintained in the Central Records System ("CRS") from the Privacy Act's disclosure requirements pursuant to § 552a(j)(2). (Doc. 23-1 at 12-13.)

In this case, the record at issue was compiled during the FBI's investigation of Plaintiff for potential violations of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), Cyberstalking, and 18 U.S.C. § 875(c), Interstate Threatening Communication. Accordingly, Plaintiff's investigative record should be withheld as a law enforcement investigative record under this exemption. Although access to the record was properly denied as exempt under the Privacy Act, the FBI also reviewed the record under the access provision of the FOIA to achieve maximum disclosure. (Doc. 23-1 at 13.)

    b.    FOIA Exemptions

Title 18 U.S.C. § 552(b)(6) protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Plaintiff requested the email with the complete header information of the IP addresses, provided to, Special Agent Michael G. Gerfin of the FBI. Because "similar files" has a broad, rather than narrow meaning, originating IP addresses, User-Agent header data, and email addresses are "similar files" for Exemption 6 purposes. *See New York Times Co. V. Fed. Communications Comm'n*, 457 F. Supp. 3d 266, 273 (S.D, N.Y. (2020).

Title 18 U.S.C. § 552(b)(7)(C) protects from disclosure law enforcement records or information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Schubert v. Fed. Bureau of Investigation*, No. 22-3658, 2024 WL 341173 (D.C.D.C. Jan. 29, 2024). While the two exemptions are similar, "Exemption 7(C) is more protective of privacy than Exemption 6 and thus establishes a lower bar for withholding material." *Id.* Where the agency relies on both exemptions for the same material, the

court need not consider them separately. *Id*. (quoting *Roth v. Dep't of Justice*, 642 F.3d 675, 681 (D.C. Cir. 2017)).

"[W]hether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny . . . rather than on the particular purpose for which the document is being requested." *U.S. Dep't of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 772 (1989). A reviewing court "must balance the public interest in disclosure against the interest Congress intended the Exemption to protect." *Id.* at 776.

In this case, the FBI withheld the names and identifying information of third-party victims, including the email addresses in the "TO" line of the threatening email sent by Plaintiff to employees of Eaton Corporation, and others, with the subject line "{Michael Hagar} I AM GOING TO SHOOT ONE OF MY GUARDS SOON." (Doc. 23 at 22.) The FBI asserts that this was the only information withheld on the first page of the email, and the remainder of the email was released to Plaintiff.

The agency explains that "[t]he header information within an email is metadata that essentially provides a map of the path the email followed as it travelled (sic) through various mail servers, including times, sender, receiver, devices, and more. This metadata is automatically electronically generated when the emial is created and sent. An Internet Protocol (IP) address is a unique identifier of a specific device on a local network or the internet and is stored within the email header." (Doc. #23-1 at 11.) Further, [a]n email address can be traced to its sender by analyzing the metadata contained in the email header. This information is not typically displayed upon opening or printing of an email. Instead, several steps must be taken to view the metadata in an email header." *Id.* The FBI asserts that releasing these individuals' identities in the context of these investigative records would cause embarrassment, as well as unsolicited and unnecessary attention to be focused on these

individuals. (Doc. #23 at 22.) The Defendant continues that these victims maintain strong privacy interests in the protection of such personal information because a release could force them to relive emotionally trying events, causing further invasion of their privacy, more than the harms they have already endured. *Id.* Given Plaintiff's charges for violations of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), Cyberstalking, and 18 U.S.C. § 875(c), Interstate Threatening Communication, the disclosure of IP addresses, User-Agent header data, and email addresses would compromise a substantial privacy interest in this case. Further, the disclosure of such information in this particular case would not contribute significantly to public understanding of the operations or activities of the government; thus, there exists only a *de minimis* public interest in disclosure which is significantly outweighed by the substantial privacy interests in nondisclosure in this case.

The Defendant states every effort was made to achieve maximum disclosure consistent with the access provisions of the FOIA and it did not withhold any reasonably segregable, non-exempt information. Additionally, the Defendant claims any further description of the information withheld, beyond what it provided in the declaration, could identify the actual exempt information.

"The exemptions to disclosure are explicitly limited by statute and should be construed narrowly." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599 (1976). The agency "may sustain its burden through the submission of detailed affidavits or declarations that identify the documents and explain why they fall within the claimed exemptions." *Payne v. Dep't of Just.*, 121 F.3d 704 (5th Cir. 1997). Courts "generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions." *Id.* The FBI complied with these requirements in this case and satisfied its burden for summary judgment. The agency produced lengthy documentation with specific explanations of what they withheld and why each exemption applied. Agency affidavits are generally accorded a

11

presumption of legitimacy unless there is evidence that the agency handled the FOIA request in bad faith." *Batton*, 598 F.3d at 179. The information provided by the Defendant, contradicted only by Plaintiff's conclusory assertions, carried the Defendant's burden under FOIA. The agency reasonably excluded documents pursuant to exemptions under the Privacy Act Exemption (j)(2) and the FOIA Exemptions (6) and (7)(C). Accordingly, the Defendant's Motion for Summary Judgment should be granted.

### Recommendation

The Defendant's Motion for Summary Judgment should be granted, and Plaintiff's complaint should be dismissed.

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE