IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL A. HAGAR | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv101 |
| FEDERAL BUREAU OF INVESTIGATION | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Michael A. Hagar, an inmate formerly at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brought the above-styled action. On March 7, 2024, the Magistrate Judge recommended granting the defendant's motion for summary judgment and dismissing the action. On March 25, 2024, after no objections had been filed by the parties, the court adopted the magistrate judge's report and recommendation.

Plaintiff has filed a motion for reconsideration [Dkt. 40], objections to the report [Dkt. 41], a motion for relief from final judgment [Dkt. 43], and a motion to take judicial notice [Dkt. 44]. This memorandum opinion and order considers such motions.

ANALYSIS

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2)** *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The court conducted a careful *de novo* review of all grounds raised by plaintiff in his motions, as well as his objections in relation to the pleadings and applicable law, and finds no meritorious ground for review.

Further, even affording the motions reconsideration under the more liberal Rule 60(b), the court is of the opinion that the motions fail to set forth a meritorious ground warranting relief. For the reasons set forth above and in the Report, the defendant's motion for summary judgment should be granted. Accordingly, plaintiff's claims should be denied and dismissed. Further, plaintiff's complaints of judicial misconduct are unfounded and lack merit. Therefore, plaintiff's motions for reconsideration should be denied.

## ORDER

For the reasons set forth above, plaintiff's pending motions are without merit. Accordingly, the motions should be denied. It is therefore,

ORDERED that plaintiff's motions [Dkt. 40, 41, 43 and 44] are DENIED.

**SIGNED this 18th day of March, 2025.**

                                                 Michael J. Truncale
                                                 United States District Judge